**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JPMORGAN CHASE BANK, N.A.,
        Plaintiff(s),

vs.

RHKIDS, LLC, et al.,
        Defendant(s).

Case No. 2:17-cv-00710-MMD-NJK

ORDER

(Docket No. 30)

Pending before the Court is Plaintiff's motion to stay discovery pending resolution of its motion for summary judgment. *See* Docket No. 30; *see also* Docket No. 29 (motion for summary judgment). The Court has previously denied a similar motion filed in another case. *See Bank of N.Y. Mellon v. Vegas Prop. Servs.*, 2017 U.S. Dist. Lexis 66682 (D. Nev. May 2, 2017). For the reasons discussed therein and below, the Court **DENIES** the motion to stay discovery.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).[1] The party seeking a stay carries the heavy burden of making

---

[1] As the briefing acknowledges, various judges in this District have found it appropriate to stay proceedings pending resolution of petitions for *certiorari* in the United States Supreme Court. Docket No. 20 at 5. That issue is not presently before the Court, but rather the motion seeks a stay of discovery pending resolution of Plaintiff's motion for summary judgment.

a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2]

The Court finds that a stay of discovery is not appropriate in this case. Most significantly, the Court has taken a preliminary peek at the motion for summary judgment and is not convinced that it will be granted.[3] It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).

Plaintiff's motion for summary judgment is premised on the assertion that Ninth Circuit authority finding Nevada's foreclosure statute facially invalid requires judgment in Plaintiff's favor notwithstanding any notice it may have received. *See* Docket No. 29 at 4-8. While Plaintiff cites district court decisions favorable to it, the Court is also aware of decisions contrary to its position. *See, e.g.*,

---

[2] The pending motion is somewhat unusual in that it is the plaintiff seeking a stay of discovery pending resolution of its dispositive motion. As such, the Court modifies the applicable standards in that it is taking a preliminary peek to determine whether it is convinced that dispositive relief will be granted to Plaintiff vis-a-vis its motion for summary judgment.

[3] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

*Bayview Loan Serv., LLC v. SFR Investments Pool 1, LLC*, 2017 WL 1100955, at *4-5 (D. Nev. Mar. 22, 2017) (rejecting arguments similar to those presented by Plaintiff here based on Ninth Circuit authority "that receipt of actual notice deprives a claimant of standing to raise a procedural due process claim"). As such, the Court is not convinced that Plaintiff will prevail on its motion for summary judgment, such that conducting discovery will be a waste of effort. *See, e.g.*, *Vegas Prop. Servs.*, 2017 U.S. Dist. Lexis 66682, at *3 (denying stay for same reason).

Accordingly, the Court **DENIES** Plaintiff's motion to stay discovery. Docket No. 16.

IT IS SO ORDERED.

DATED: August 4, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge